UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY S. GORHAM,

    Plaintiff,

v.                                              Case No.: 8:21-cv-1783-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Terry S. Gorham seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

On April 5, 2018, Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income, alleging disability beginning January 1, 2015. (Tr. 202, 203, 359-71). The applications were denied initially and on reconsideration. (Tr. 202, 203, 242, 243). Plaintiff requested a hearing and on September 3, 2020, a hearing was held before Administrative Law Judge Kurt Ehrman ("ALJ"). (Tr. 125-69). On October 23, 2020, the ALJ entered a decision finding Plaintiff not under a disability from January 1, 2015, through the date of the decision. (Tr. 106-118).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on May 19, 2021. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on July 22, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 20).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through September 30, 2019. (Tr. 109). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2015, alleged onset date. (Tr. 109). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc

disease, substance abuse, bipolar disorder, anxiety disorder, post traumatic stress disorder (PTSD), and personality disorder." (Tr. 109). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 110).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§ 404.1567(b) and 416.967(b) except the claimant can lift and carry up to 20 pounds occasionally and up to 10 pounds frequently; can stand and walk for up to 6 hours each, and sit for up to 6 hours, in an 8-hour workday, with normal and customary breaks; can never climb ropes, scaffolds, or ladders; can occasionally climb ramps, stairs and stools, stoop, kneel, crouch and crawl; can frequently balance; and can perform simple, routine tasks and instructions in a work environment with no more than occasional interaction with the public and coworkers, in a lower-stress work environment without fast paced and strictly enforced production quotas.

(Tr. 112).

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. (Tr. 116-17). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (38 years old on the alleged onset date), education (limited), work experience, and RFC, there are jobs that existed in

significant numbers in the national economy that Plaintiff could perform. (Tr. 117-18). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) garment bagger, DOT 920.687-018,[1] light, unskilled

(2) sorter, DOT 361.687-014, light, unskilled

(3) palletizer, DOT 929.687-054, light, unskilled

(Tr. 117-18). The ALJ concluded that Plaintiff had not been under a disability from January 1, 2015, through the date of the decision. (Tr. 118).

II. **Analysis**

On appeal, Plaintiff raises one issue: whether the ALJ erred in the evaluation of medical opinions. (Doc. 22, p. 2). Specifically, Plaintiff claims that the ALJ erred in evaluating the opinions of Dr. Koehler, Dr. Greenberg, and Dr. Bird. (Doc. 22, p. 6-17).

A. **Medical Opinions**

The same legal standard applies to all of the medical sources' opinions.[2] The regulations for disability cases filed after March 27, 2017 – such as this one –

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

[2] At times, Plaintiff argues that the ALJ must state the particular weight of a given physician's opinion and the reasons for it. (Doc. 22, p. 5). Recently, the Eleventh Circuit decided that the new regulations, specifically 20 C.F.R. § 404.1520c, apply to cases filed after March 27, 2017. *See Harner v. Soc. Sec. Admin., Comm'r*, No. 21-12148, 2022 WL 2298528, at *4 (11th Cir. June 27, 2022).

> Section 404.1520c falls within the express delegation to the Commissioner to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and

changed and an ALJ no longer defers or give any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may

---

furnishing the same" for adjudicating disability claims. *See* 42 U.S.C. § 405(a). And although the Act instructs administrative law judges to "make every reasonable effort to obtain from the individual's treating physician ... all medical evidence ... necessary" to make a proper disability determination, 42 U.S.C. § 423(d)(5)(B), the Act does not specify how this evidence is to be weighed. Because section 404.152c falls within the express delegation and is not "manifestly contrary to the statute," *see Chevron*, 467 U.S. at 844, 104 S. Ct. 2778, the regulation did not "exceed the [Commissioner's] statutory authority." *See Heckler*, 461 U.S. at 466, 103 S. Ct. 1952.

*Id.* at *3. Thus, the Court will consider the medical source opinion under the rubric of the new regulations.

but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about

the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

### B.     Nicholas Koehler, M.D.'s Opinion

On August 13, 2020, Dr. Koehler evaluated Plaintiff. (Tr. 924-28). The ALJ summarized Dr. Koehler's evaluation:

> In the report from his examination, Dr. Koehler noted that his examination of the claimant showed decreased strength in his left foot, and his left shoulder/biceps/triceps, decreased range of motion in his left shoulder, tenderness in lumbar spine, and pain on flexion, extension, and toe pivoting in left knee. Dr. Koehler opined that the claimant's injuries and medical diagnoses impair his ability to have meaningful gainful employment. In a separate medical source statement, Dr. Koehler opined that the claimant can lift and carry 15 pounds occasionally and 10 pounds frequently, stand and walk for up to 2 hours, and sit for up to 4 hours in an 8[-]hour workday, and had additional postural, manipulative, and environmental restrictions (Exhibit 21F).

(Tr. 115).

The ALJ found Dr. Koehler's opinion unpersuasive because it was inconsistent with the opinions of Dr. Bird and Dr. Legrande and "purport[ed] to limit the claimant to extreme levels that are not consistent with the overall medical evidence or in the case of Dr. Bird and Dr. Legrande, their own treatment notes." (Tr. 115). The ALJ did not stop there. He then observed that Dr. Bird reported Plaintiff walked with a completely normal gait, with no evidence of painful movement both before and after the date he entered his opinion, but then Dr. Bird

- 10 -

opined extreme limitations for Plaintiff. (Tr. 115).[3] And Dr. Legrande reported in an August 2018 examination no abnormality in the cervical and lumbar spine, full range of motion, and negative straight leg testing, but opined Plaintiff had extreme limitations in a September 2018 opinion. (Tr. 115). The ALJ also noted that Dr. Koehler only met Plaintiff one time and determined that Dr. Koehler found limitations out of proportion to all of the objective evidence. (Tr. 115-16).

While the ALJ correctly noted that Plaintiff saw Dr. Koehler only one time, Plaintiff claims that this reason has no merit. (Doc. 22, p. 7). Plaintiff argues that the ALJ found State agency medical consultant, Thomas Bixler, M.D.'s opinion persuasive, but Dr. Bixler never met Plaintiff in person. (Doc. 22, p. 7; Tr. 115). This argument is unavailing. The regulations specifically provide that an ALJ may consider the relationship with Plaintiff, including the length, frequency, and purpose of the examining and any treatment relationship. *See* 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c).

Plaintiff also argues that the ALJ's finding that Dr. Koehler's opinion was inconsistent with Dr. Bird's and Dr Legrande's opinions, which the ALJ also found unpersuasive, is not a valid reason to find Dr. Koehler's opinion unpersuasive. (Doc. 22, p. 8). This argument also lacks merit. Just because Dr. Koehler's opinion was

---

[3] The Court recognizes that Plaintiff also argues the ALJ erred in evaluating Dr. Bird's opinion. The Court will address those arguments later.

inconsistent with other medical sources' opinion, whose opinions the ALJ found unpersuasive, does not render Dr. Koehler's opinion persuasive.[4]

Plaintiff then argues that the ALJ never explained his reasoning that Dr. Koehler's opinion was "out of proportion to all of the objective of the objective evidence" and "not consistent with the overall medical evidence." (Doc. 22, p. 8-9). Plaintiff proceeded to summarize the objective medical evidence that Dr. Koehler reviewed and summarized his neurologic examination. (Doc. 22, p. 8-10).

In the decision, the ALJ included an explanation and reasons to support his statements as to Dr. Koehler's opinion. He noted that Dr. Bird found Plaintiff "walked with a completely normal gait, with no evidence of painful movement in the reports from the claimant's monthly visits immediately before and after the date he rendered his opinion," and similarly Dr. Legrande reported that in August 2018 examination, Plaintiff "revealed no abnormality in the cervical or lumbar spine, full range of motion, and negative straight leg testing." (Tr. 115). As the ALJ explained, these findings are inconsistent with Dr. Koehler's opinion that Plaintiff limitations impair his ability to have meaningful gainful employment and are inconsistent with Dr. Koehler's opinion that Plaintiff stand and walk for up to 2 hours, and sit for up to 4 hours in an 8-hour workday.

---

[4] Plaintiff raises the same argument as to Dr. Bird's opinion. (Doc. 22, p. 15). For the same reasons, the Court finds this argument lacks merit as it applies to Dr. Bird's opinion.

The ALJ provided valid reasons to find Dr. Koehler's opinion unpersuasive and these reasons are supported by substantial evidence.

### C. Michael S. Greenberg, Ph.D.'s Opinion

Plaintiff argues that the ALJ erred in not adopting Dr. Greenberg's opinion that Plaintiff was severely limited in his ability to cope with stress and co-workers. (Doc. 22, p. 12-13). The State agency Office of Disability Determinations referred Plaintiff to Dr. Greenberg, who saw Plaintiff on December 22, 2016 for an evaluation. (Tr. 629-32).

In the decision, the ALJ summarized Dr. Greenberg's evaluation, finding – among other things – that Plaintiff's ability to cope with stress and co-workers was severely impaired. (Tr. 114). The ALJ then contrasted this report with Dr. Bird's reports from Plaintiff's monthly visits to him. (Tr. 114). In Dr. Bird's reports from October 2014 to May 2018, he found no symptoms of any mental disorder and Plaintiff presented with a normal mood and affect. (Tr. 114). The ALJ later concluded that "[t]he opinion of Dr. Greenberg that the symptoms from the claimant's mental impairments severely limit his ability to cope with stress and coworkers is persuasive to the extent that it is consistent with the moderate limitations found above (Exhibit 5F)." (Tr. 116). The ALJ then included in the RFC, some limitations related to Plaintiff's ability to deal with stress and coworkers, such as "can perform simple, routine tasks and instructions in a work environment with

no more than occasional interaction with the public and coworkers, in a lower-stress work environment without fast paced and strictly enforced production quotas." (Tr. 112). The ALJ explained why he included moderate limitations as to work stress and interactions with co-workers but did not adopt in full Dr. Greenberg's limitations as to both. These reasons are supported by substantial evidence and the Court finds no error.

### D.  Zachary Bird, M.D.'s Opinion

Dr. Bird treated Plaintiff for pain management from early 2014 through most of 2018. (Tr. 530-628, 634-656, 705-771). The ALJ summarized Dr. Bird's records noting MRI studies and the results from them. (Tr. 113). The ALJ paid particular attention to the most recent report from April 17, 2018. (Tr. 113). The ALJ noted that in this treatment note:

> Dr. Bird reported his examination of the claimant objectively showed that the claimant's spine was normal to inspection with no scoliosis or other deformities, no cervical tenderness or spasm, no palpable abnormalities, lumbar range of motion was 70 flexion, and 20 extension, lordosis was normal, tenderness to pressure in the low back without spasm, negative Patrick's test, positive sitting straight leg test, intact reflexes, and a limited positive Spurling's test on the right (Exhibit 11F). Although the objective observations were similarly benign and mild in the reports from the claimant's follow up visits in January and March 2018 (Exhibit 9F), Dr. Bird completed a medical source statement on February 20, 2018 in which he opined that the claimant was limited to lifting a maximum of 8 pounds for one third of a workday; standing and walking for 1 hour, and sitting for 1 hour in an 8 hour workday; along with additional postural, manipulative, and environmental restrictions (Exhibits 17F and 23F).

(Tr. 113-14).

The ALJ found Dr. Bird's opinion unpersuasive for some of the same reasons he found Dr. Koehler's opinion unpersuasive. (Tr. 115). The ALJ found Dr. Bird's opinions inconsistent with Dr. Legrande's and Dr. Koehler's opinions that "purport to limit the claimant to extreme levels that are not consistent with the overall medical evidence, or in the case of Dr. Bird and Dr. Legrande, their own treatment notes." (Tr. 115). Specifically as to Dr. Bird, the ALJ found,

> Dr. Bird reported that the claimant walked with a completely normal gait, with no evidence of painful movement in the reports from the claimant's monthly visits immediately before and after the date he rendered his opinion, but then opined that the claimant could only stand and walk for 1 hour in an 8[-] hour workday (Exhibits 9F, 17F, and 18F).

(Tr. 115).

Plaintiff argues that Dr. Bird "never mentioned gait, and therefore, never reported gait, in his records" and offered no evidence of lack of painful movement. (Doc. 22, p. 16). Plaintiff then argues that the ALJ's assertion that Dr. Bird reported a normal gait and no evidence of painful movement cannot be sustained by the record "because it never happened." (Doc. 22, p. 16). Plaintiff cites many pages in support of this argument. Plaintiff is incorrect. Dr. Bird reported many times that Plaintiff's gait was normal with no evidence of painful movement. (*See e.g.*, Tr. 543, 557, 561, 564, 570, 574, 583, 589, 597, 600, 603, 607, 621, 624). Further, as the ALJ noted, Dr. Bird's treatment notes before and after his opinion showed a normal gait with no

evidence of painful movement, normal range of motion, and full strength in the upper and lower extremities. (Tr. 113-114, 744, 748, 751). Substantial evidence supports the ALJ's decision to find Dr. Bird's opinions unpersuasive.

As with all of the medical opinions at issue, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). While Plaintiff cites some evidence that may support finding any or all of these opinions persuasive, Plaintiff must do more than point to evidence in the record that supports his allegations. *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). He must show the absence of substantial evidence supporting the ALJ's conclusion. *Id.* Here, when applying the correct legal standard, the ALJ listed many reasons to support his decision in finding each of these medical sources' opinions unpersuasive or partially persuasive. These reasons constitute substantial evidence in support of the ALJ's determination. Thus, the Court finds no error.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The

Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 1, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties